UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSENIA E. VIERA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 18-13476

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER ADOPTING REPORT & RECOMMENDATION [15]; OVERRULING PLAINTIFF'S OBJECTIONS [16]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

Plaintiff, Jessenia E. Viera, applied for disability insurance benefits from the Social Security Administration on April 26, 2016. She alleged that she had been disabled since January 1, 2014. Her claims were denied, and she then requested and received a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on September 25, 2017, in Detroit, Michigan, before ALJ Crystal L. White-Simmons. On April 2, 2018, the ALJ issued an opinion denying Plaintiff's claims. (Dkt. # 7-3, pg. 26-37). The Appeals Council denied her request for review on September 17, 2018. Plaintiff timely filed suit under 42 U.S.C. § 405 on November 7, 2018. (Dkt. 1).

Plaintiff's case was assigned to Magistrate Judge David R. Grand for determination of non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) & (C). (Dkt. 15). Plaintiff filed her Motion for Summary Judgment [11] on April 15, 2019. Defendant filed his Motion for Summary Judgment [14] on July 2, 2019. On October 25, 2019, the Magistrate Judge issued an R&R [15] recommending that Defendant's motion be granted, and Plaintiff's motion be denied. Plaintiff filed timely Objections [16] on November 8, 2019. Defendant filed his Response [17] on November 21, 2019.

For the reasons stated below, the Court **OVERRULES** the Plaintiff's Objections [16] and **ADOPTS** the R&R [15]. Plaintiff's Motion for Summary Judgment [11] is **DENIED**. Defendant's Motion for Summary Judgment [14] is **GRANTED**.

## FACTUAL BACKGROUND

The Magistrate Judge summarized the factual background of Plaintiff's alleged disability and claim as follows:

**A. Background**

Viera was 32 years old at the time of her application date of April 26, 2016, and at 4'11" tall weighed between 95 and 130 pounds during the relevant time period. (Tr. 44,67, 218, 222). She completed the tenth grade and later earned her GED. (Tr. 46, 223). She has very little work history and worked most recently for her mother's catering business in August 2013. (Tr. 47, 222-23). She now alleges disability

primarily as a result of psychogenic seizures, migraine headaches, fibromyalgia, back/hip/leg pain, rheumatoid arthritis, and tremors. (Tr. 48-49, 54, 61-62, 222, 259, 263).

After Viera's application for SSI was denied at the initial level on August 18, 2016[1] (Tr. 123-27), she timely requested an administrative hearing, which was held on September 25, 2017, before ALJ Crystal White-Simmons (Tr. 40-75). Viera, who was represented by attorney Andrea Hamm, testified at the hearing, as did vocational expert Amelia Shelton. (*Id.*). On April 2, 2018, the ALJ issued a written decision finding that Viera is not disabled under the Act. (Tr. 25-36). On September 17, 2018, the Appeals Council denied review. (Tr. 1-5). Viera timely filed for judicial review of the final decision on November 7, 2018. (Doc. #1). The Court has thoroughly reviewed the transcript in this matter, including Viera's medical record, function and disability reports, and testimony as to her conditions and resulting limitations. Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

### B. The ALJ's Application of the Disability Framework Analysis

Under the Act, SSI is available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that

---

[1] Viera had filed a previous application for SSI. On June 27, 2012, ALJ Oksana Xenos issued a written decision finding that Viera was not disabled under the Act. (Tr. 85-96). On September 5, 2013, the Appeals Council denied review, and Viera did not pursue that claim any further. (Tr. 101-05).

"significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.

Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps .... If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health &Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this five-step sequential analysis, the ALJ found that Viera is not disabled under the Act. At Step One, the ALJ found that Viera has not engaged in substantial gainful activity since April 26, 2016 (the application date). (Tr. 27). At Step Two, the ALJ found that she has the severe impairments of rheumatoid arthritis, psychogenic seizures, bipolar disorder, migraines, and degenerative disc disease. (Id.). At Step Three, the ALJ found that Viera's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (Tr. 28).

The ALJ then assessed Viera's residual functional capacity ("RFC"), concluding that she is capable of performing light work, with the following additional limitations: can never climb ladders, ropes, or

scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; must avoid moving machinery and unprotected heights; limited to simple, routine, and repetitive tasks, but not at a production rate or pace; can adjust to occasional changes in the work setting; can have no interaction with the public and only occasional interaction with co-workers and supervisors; and requires the option to alternate between sitting and standing every thirty minutes. (Tr. 31).

At Step Four, the ALJ found that Viera has no past relevant work. (Tr. 35). At Step Five, the ALJ determined, based in part on testimony provided by the vocational expert in response to hypothetical questions, that Viera is capable of performing the jobs of marker (81,000 jobs nationally), office helper (57,000 jobs), and mail clerk (49,500 jobs). (Tr. 36). As a result, the ALJ concluded that Viera is not disabled under the Act. (*Id.*).

## Standard of Review

The Court's review of objections to a Magistrate Judge's R&R on a dispositive motion is *de novo*. 28 U.S.C. § 636(b)(1)(c). This review is limited to determining whether the Commissioner's findings were "supported by substantial evidence and whether the Commissioner applied the correct legal standards." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). Substantial evidence is "more than a scintilla of evidence[,] but less than a preponderance" that a "reasonable mind might accept as adequate to support a conclusion." *Linscomb v. Comm'r of Soc. Sec.*, 25 F. App'x 264, 266 (6th Cir. 2001). Even if substantial evidence exists to support a different conclusion, if the Commissioner's decision is based on substantial evidence, it must be affirmed. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

ANALYSIS

## I. Objection 1: The Magistrate erred when he found that the ALJ's decision was supported by substantial evidence (R&R 7-19).

Objection 1 does not warrant *de novo* review, because it is a general objection to the entirety of the R&R. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections which simply dispute "'the correctness of the magistrate's recommendation but fail[] to specify the findings . . . believed in error' are too general" and amount to a failure to object. *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. MICH. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Nonetheless, even construing Objection 1 as specifically objecting to the ALJ's finding that Plaintiff's impairments do not meet or medically equal a listed impairment under Step III, the Court finds this argument unavailing. Plaintiff supports her arguments with repeated subjective claims of her pain. (*See* Dkt. 16, pg. 4). However, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). Furthermore, both the ALJ and the Magistrate Judge properly considered Plaintiff's subjective allegations, symptom by symptom, and found "inconsistency between her hearing testimony and other record evidence regarding her symptoms; her medication and other methods used to treat pain; her treatment history; her daily

activities; and her work history." (R&R at 8). This included "Viera's allegations of disabling symptoms at odds with her daily activities, which include getting her kids off to school, cleaning the house, doing laundry, preparing food for her children, and running errands." (*Id*.). The Court finds that the medical evidence and testimony substantially support the ALJ's findings. Objection 1 is overruled.

> II. **Objection 2: The Magistrate erred when he found that the ALJ's decision that Plaintiff could perform light work was supported by the record, despite overwhelming evidence which confirms that Plaintiff lacks the ability to stand and walk for 6 hours out of an 8-hour work day (R&R 17-19).**

Plaintiff argues that her ailments prevent her from working six hours out of an eight-hour workday. (Dkt. 16, pg. 5). This claim is unpersuasive; Plaintiff's standing and walking limitations were considered by the ALJ. "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except . . . [s]he requires a sit/stand option to alternate between sitting and standing every 30 minutes." (Dkt. 7-3, pg. 32). This accommodation allows Plaintiff to sit for four hours out of an eight-hour workday, therefore, Plaintiff's inability to stand and walk for more than six hours is inconsequential.

Plaintiff also argues that her tremors prevent her from performing both light and sedentary work. (Dkt. 16, pg. 6). However, the ALJ also considered this condition and concluded that it was not severe, in light of all the medical evidence.

(*See* R&R at 12 ("E.g., Tr. 32 (no evidence of tremors on examination), 33 (normal psychomotor activity, despite reports of 'infrequent' tremors), 34 (discounting reports that Viera cannot use her right arm or hand due to tremors, where evidence she does laundry and cooks meals)")). For these reasons, objection 2 is overruled.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the R&R [15] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [16] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [11] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [14] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 25, 2020        Senior United States District Judge